UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND A.,

                Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C22-5387-TLF

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff filed this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's denial of Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to proceed before the undersigned Magistrate Judge.

Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

### I.    BACKGROUND

Plaintiff filed an application for Disability Insurance Benefits (DIB) on November 22, 2016, alleging disability beginning April 1, 2013. AR 13. After the application was denied at the initial level and on reconsideration, Plaintiff requested a hearing before an

ORDER
PAGE - 1

Administrative Law Judge (ALJ). On October 10, 2018, the ALJ held a hearing and took testimony from Plaintiff and a vocational expert (VE). AR 29–60. On December 6, 2018, the ALJ issued a decision finding Plaintiff not disabled. AR 13–24. The Appeals Council denied Plaintiff's request for review on January 10, 2020, making the ALJ's decision the final decision of the Commissioner. AR 1–6; *see* 20 C.F.R. § 404.981. Plaintiff appealed the denial of disability benefits to the United States District Court for the Western District of Washington. On May 7, 2021, the Court reversed and remanded the ALJ's decision for further administrative proceedings. AR 418–32.

On January 4, 2022, the ALJ conducted a new hearing and took testimony from a VE. AR 395–412. Plaintiff did not provide testimony during the January 4, 2022 hearing. AR 401. On January 26, 2022, the ALJ found Plaintiff not disabled. AR 373–88. In this Court, Plaintiff challenges the ALJ's January 26, 2022 decision that found Plaintiff was not disabled, and contends the Commissioner's denial of disability benefits should be reversed.

## II.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of disability benefits if it is based on legal error or is not supported by substantial evidence in the record. *See Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022). "Substantial evidence" means "more than a mere scintilla" but only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (citation and internal quotation marks omitted). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold the ALJ's decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

### III. THE ALJ'S FINDINGS

The Commissioner follows a five-step sequential evaluation process for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity during the period from the alleged onset date through March 31, 2017, the date last insured. AR 375.

At step two, the ALJ found Plaintiff has the following severe impairments: degenerative disc disease of the lumbar spine with a history of laminotomy/discectomy in July of 2015; left Haglund's deformity; bilateral sensorineural hearing loss; and obesity. AR 375. The ALJ also found the record contained evidence of hypertension and hyperlipidemia; however, the ALJ found these conditions did not rise to the level of severe. AR 376.

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meet or equal the criteria of a listed impairment. AR 376–78.

At step four, the ALJ found Plaintiff had the residual functional capacity (RFC) to perform work through the date last insured with the following limitations:

> the claimant was limited to standing and/or walking for no more than 4 hours a day and can sit for a total of 4 hours a day. The claimant was able to lift and carry up to 20 lbs. on an occasional basis and up to 10 lbs. on a frequent basis. He is further limited to no more than frequent balancing, and to no more than occasional stooping, crouching, crawling, kneeling or climbing. He would also be limited to no more than frequent bilateral reaching, handling or fingering. He would need to avoid concentrated exposure to temp extremes, vibrations, unprotected heights, moving machinery and similar hazards. He would need to avoid exposure to excessive noise.

AR 378. With that assessment, the ALJ found Plaintiff unable to perform any past relevant

work. AR 387.

At step five, the ALJ found Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy. AR 388. With the assistance of a VE, the ALJ found Plaintiff capable of performing the requirements of representative occupations such as cashier, storage facility rental clerk, and router, which jobs require light exertion as defined in 20 C.F.R. § 404.1567(b). AR 387–88.

## IV.  DISCUSSION

Plaintiff raises the following issues: (1) Whether the ALJ properly evaluated the medical evidence; (2) whether the ALJ properly evaluated Plaintiff's testimony; and (3) whether the ALJ properly assessed Plaintiff's RFC and properly based the step five finding on that RFC assessment. Plaintiff requests remand for an award of benefits or, in the alternative, remand for further administrative proceedings. The Commissioner argues the ALJ's decision has the support of substantial evidence and should be affirmed.

**1. Medical Opinion Evidence**

The regulations applicable to Plaintiff's case require the ALJ to weigh medical opinions regardless of the source. 20 C.F.R. § 404.1527(c). Under these regulations, the ALJ is required to give "controlling weight" to a treating physician's opinion if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record."[1] *Id.* § 404.1527(c)(2). More weight should be given to the opinion of a treating doctor than to

---

[1] In 2017, the Social Security Administration amended its regulations and removed the "controlling weight" requirement for all applications filed after March 27, 2017. *See* 20 C.F.R. §§ 404.1520c, 416.920c (2017). Because Plaintiff's claim was filed before March 27, 2017, the new rules are not applicable to this case.

ORDER
PAGE - 4

a non-treating doctor, and more weight should be given to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "clear and convincing" reasons. *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830–31 (citation omitted).

A. <u>Dr. Derek Leinenbach, M.D.</u>

Dr. Leinenbach examined Plaintiff on March 25, 2017, and diagnosed Plaintiff with chronic lower back pain secondary to lower lumbar spondylosis, polyarthralgia, left Haglund's deformity, hypertension, and bilateral hearing deficit. AR 277–80. Dr. Leinenbach assessed Plaintiff with the ability to stand, walk, and sit for four hours in an eight-hour workday; lift and carry twenty pounds occasionally and ten pounds frequently; climb, stoop, crawl, and crouch occasionally; and reach, handle, and finger frequently. AR 280. Dr. Leinenbach further opined Plaintiff should avoid exposure to excessive noise. *Id.*

The ALJ afforded Dr. Leinenbach's opinion "great weight," finding the doctor's assessed limitations to be "supported by the evidence in the medical file and the assessments of both state agency doctors." AR 385.

Plaintiff agrees "Dr. Leinenbach's opinion is indeed the most accurate medical opinion in the record" but argues "the overall evidence, including [Plaintiff's] testimony, shows that [Plaintiff] is actually even more limited than opined by Dr. Leinenbach." Dkt. 14, at 3–5. Plaintiff argues for a more restrictive RFC based on other evidence in the

record; however, "the key question is not whether there is substantial evidence that could support a finding of disability, but whether there is substantial evidence to support the Commissioner's actual finding that claimant is not disabled." *Jamerson v. Chater*, 112 F.3d 1064, 1067 (9th Cir. 1997); *see also Rounds v. Comm'r of Soc. Sec. Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015) ("[T]he ALJ is responsible for translating and incorporating clinical findings into a succinct RFC.").

Here, Plaintiff does not argue the ALJ's evaluation of Dr. Leinenbach's opinion lacks the support of substantial evidence. To the contrary, Plaintiff agrees with the ALJ's consideration of the doctor's opinion.

Further, substantial evidence supports the ALJ's evaluation of Dr. Leinenbach's opinion. During the examination, Plaintiff "was able to walk into the examination room and get on and off the exam table without assistance, remove and replace his shoes without trouble, and was not in acute distress"; could tandem walk, stand on heels and toes, and squat without assistance but endorsed low back pain; and had a stable gait, intact grip strength and manipulative abilities, and full strength in his extremities. AR 381 (citing AR 277–79). The ALJ reasonably determined Dr. Leinenbach's assessment of "exertional, postural, manipulative, and noise avoidance limitations . . . are supported by evidence in the medical file and the assessments of both state agency doctors." AR 385. Therefore, substantial evidence supports the ALJ's evaluation of Dr. Leinenbach's opinion, and Plaintiff has not shown the ALJ erred.

B. <u>Non-Examining Opinions</u>

Plaintiff argues the opinions of non-examining state agency physicians Dr. Robert

Bernardez-Fu, M.D., and Dr. Desmond Tuason, M.D., are entitled to "little weight" because the doctors' applied an incorrect legal standard. Dkt. 14, at 7–8. Plaintiff further argues the doctors' opinions are entitled to "limited weight" because they did not review evidence after July 3, 2017. *Id.* at 8. The ALJ gave "partial weight" to Dr. Bernardez-Fu and Dr. Tuason's assessments of Plaintiff's functional capacity, finding the "medical evidence of record as a whole supports a slightly more restrictive residual functional capacity, particularly the examination notes of Dr. Leinenbach, who observed slow gait."[2] AR 386. Yet, it appears that affording "little weight" or "limited weight" to the doctors' opinions—as opposed to "partial weight" as the ALJ did here—would not have changed the outcome of the decision. *See Stout*, 454 F.3d at 1055 (an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination").

Indeed, Plaintiff does not argue the ALJ's evaluation of either Dr. Bernardez-Fu's opinion, or Dr. Tuason's opinions, lacks the support of substantial evidence. To the contrary, Plaintiff agrees the ALJ properly found the state agency opinions to be not fully supported by the evidence of record and agrees Dr. Leinenbach's opinion "is the most accurate medical opinion in the record." Dkt. 14, at 4, 7–8. And, the ALJ determined the evidence supported more restrictive limitations than the doctors' assessed. *See Johnson v. Shalala*, 60 F.3d 1428, 1436 n.9 (9th Cir. 1995) ("[O]verinclusion of debilitating factors is harmless."). Therefore, Plaintiff's argument fails to establish reversible error in the ALJ's

---

[2] The ALJ also gave "little weight" to Dr. Bernardez-Fu and Dr. Tuason's opinions that Plaintiff's hyperlipidemia and hypertension were severe impairments. AR 386. Plaintiff does not challenge the ALJ's step two finding.

ORDER
PAGE - 7

evaluation of Dr. Bernardez-Fu and Dr. Tuason's opinions.

**2. Plaintiff's Statements Regarding Limitations**

The ALJ must provide specific, clear, and convincing reasons, supported by substantial evidence, for rejecting a claimant's subjective symptom testimony.[3] *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017); *Smolen v. Chater*, 80 F.3d 1273, 1286 (9th Cir. 1996). An ALJ may reject a claimant's symptom testimony when it is contradicted by the medical evidence, but not when it merely lacks support in the medical evidence. *See Carmickle*, 533 F.3d at 1161 ("Contradiction with the medical record is a sufficient basis for rejecting a claimant's subjective testimony."); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) ("[L]ack of medical evidence cannot form the sole basis for discounting pain testimony.").

Plaintiff alleges he cannot work due to back and shoulder problems, hearing problems, and feet and hand arthritis. AR 173. At the 2018 hearing, Plaintiff testified he experienced problems reaching overhead and holding his arm up for any period of time, he had substantial back pain from carrying groceries and similar activities, his joints swelled and there were nodules from arthritis, and he experienced burning, fatigue, and pain from pinched nerves in the lumbar section when walking through the grocery store so that he frequently needed to stop to rest. AR 42–44, 59.

Plaintiff further testified he needed to change positions between sitting, standing, and laying down to avoid getting over-fatigued or burning and stabbing leg pains; he

---

[3] Effective March 28, 2016, the Social Security Administration (SSA) eliminated the term "credibility" from its policy and clarified the evaluation of a claimant's subjective symptoms is not an examination of character. SSR 16-3p.

ORDER
PAGE - 8

would not be able to perform a job requiring him to stand for two to four hours; he experienced burning, fatigue, and pain in his shoulder from repetitive motions, such as doing dishes or yardwork; he experienced "strange pinching nerve-type pains" in his back, legs, and feet when tying his shoes; and his hearing problems alienated him from his family as he struggled to understand his family's conversation. AR 48–51. Plaintiff stated that when he worked on chores at home, the right shoulder pain would be anywhere from six to nine, on a 10-point scale; left shoulder would be six or seven; back pain would be six or seven for 24-hours per day, seven days per week, with spikes up to a 10. AR 49-50.

The ALJ found Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." AR 380.

Plaintiff argues the ALJ's evaluation of Plaintiff's testimony was improper because the ALJ did not properly evaluate the objective medical evidence. Dkt. 14, at 9. Plaintiff has not shown reversible error in the ALJ's evaluation of the opinions of Dr. Leinenbach, Dr. Bernardez-Fu, and Dr. Tuason or in the ALJ's evaluation of the other medical evidence.

Plaintiff summarizes medical records related to Plaintiff's physical impairments and argues "all of the above-cited evidence confirms that [Plaintiff] has many impairments which can reasonably be expected to cause pain." Dkt. 14, at 4–7. Plaintiff argues this evidence "provides objective evidentiary support for [Plaintiff's] testimony about his symptoms and limitations." *Id.* at 7. Plaintiff fails to identify any specific error in the ALJ's

ORDER
PAGE - 9

evaluation of this medical evidence. The Court "review[s] only issues which are argued specifically and distinctly in a party's opening brief." *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when a host of other issues are presented for review."); *see also Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008) (declining to address issues not argued with any specificity). At most, Plaintiff argues for a different interpretation of the medical evidence, which fails to show reversible error in the ALJ's equally rational interpretation. *See Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 601 (9th Cir. 1999) ("[W]hen evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld."). Therefore, Plaintiff has not shown the ALJ erred when evaluating this other medical evidence.

Even if the ALJ had erred when evaluating this other medical evidence, such error would be harmless in this case. Plaintiff admits "none of the above treatment providers stated specific opinions regarding [Plaintiff's] functional limitations." Dkt. 14, at 7. An ALJ is not required to provide clear and convincing reasons for rejecting a medical opinion that does not identify any specific functional limitations. *See Turner v. Comm'r Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (where nothing in a physician's report assigns any specific limitations on the claimant, "the ALJ did not reject any of [the physician's] conclusions"); *see also Howard ex rel. Wolff v. Barnhart*, 341 F.3d 1006, 1012 (9th Cir. 2003) ("[T]he ALJ is not required to discuss evidence that is neither significant nor probative.").

Additionally, the medical records identified by Plaintiff generally relate to Plaintiff's

spine and musculoskeletal symptoms, which the RFC reasonably accounts for -- by limiting Plaintiff's ability to stand, walk, sit, lift, carry, balance, stoop, crouch, crawl, kneel, climb, reach, handle, and finger. AR 378. Therefore, any error in the ALJ's evaluation of this medical evidence would be harmless because none of these medical records identify any specific functional limitations or describe symptoms that conflict with the ALJ's RFC determination. *See Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006) (an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination").

Therefore, Plaintiff's argument fails to show error in the ALJ's evaluation of Plaintiff's subjective symptom testimony.

Plaintiff argues the ALJ misapplied the "objective evidence test" by finding the objective evidence "does not support the alleged severity of his symptoms." Dkt. 14, at 9–10. "While subjective pain testimony cannot be rejected on the *sole ground* that it is not fully corroborated by objective medical evidence, the medical evidence is still a relevant factor in determining the severity of the claimant's pain and its disabling effects." *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (emphasis added); *see* 20 C.F.R. § 404.1529(c)(4) ("Your symptoms, including pain, will be determined to diminish your capacity for basic work activities to the extent that your alleged functional limitations and restrictions due to symptoms, such as pain, can reasonably be accepted as consistent with the objective medical evidence and other evidence."). Here, the ALJ identified several reasons for discounting Plaintiff's subjective testimony, including finding Plaintiff's reports of disabling pain were undermined by medical findings, improvement with treatment, gaps in treatment, and activity level. AR 380–85.

The ALJ further found Plaintiff's "subjective complaints of total disability" undermined by the by the opinion of Dr. Leinenbach. *See* AR 385. Therefore, the ALJ sufficiently explained his reasons for discounting Plaintiff's symptom testimony, and the Court can meaningfully review the ALJ's reasoning. *See Kaufmann v. Kijakazi*, 32 F.4th 843, 851–52 (9th Cir. 2022) (the Court considers "the ALJ's full explanation" when reviewing whether substantial evidence supports the ALJ's evaluation of the claimant's subjective testimony).

Plaintiff argues the ALJ improperly rejected Plaintiff's subjective testimony because "[n]one of the evidence cited by the ALJ actually contradicts [Plaintiff's] testimony about his limitations." Dkt. 14, at 9–10. Plaintiff provides no argument to support this assertion, and the Court finds no error in the ALJ's discussion of Plaintiff's testimony.

The ALJ found Plaintiff's statements to be "generally credible," "supported by the medical evidence of record," and "credible to the extent they support some level of functional limitations" but found Plaintiff was not limited "to the extent alleged by the claimant" and the evidence "do[es] not support his alleged inability to sustain fulltime work activity during the period at issue."[4] AR 383, 385–86. The ALJ cited medical evidence in the record showing Plaintiff had normal gait, normal muscle tone in his back, and normal movement and strength in his extremities despite his complaints of pain; could walk without assistance; and reported significantly reduced pain and improved mobility with treatment. AR 380–81.

---

[4] Plaintiff argues the ALJ's findings are "not supported by substantial evidence in the record" and represent "another misapplication of the objective evidence test." Dkt. 14, at 10–11. For the reasons identified in this decision, the Court finds the ALJ did not err in evaluating Plaintiff's subjective testimony and substantial evidence supports the ALJ's reasoning.

ORDER
PAGE - 12

The ALJ further cited medical findings showing Plaintiff had normal ability to communicate despite his hearing problems and reported significant improvement with hearing aids. AR 381–82.

This evidence conflicts with Plaintiff's allegations regarding the severity of his symptoms and limitations. Therefore, The ALJ sufficiently identified evidence that conflicts with Plaintiff's allegations regarding the severity of his symptoms and limitations, and the ALJ's reasoning was specific, clear, convincing, and supported by substantial evidence. *See Carmickle*, 533 F.3d at 1161 (an ALJ may reject subjective testimony upon finding it contradicted by or inconsistent with the medical record); *see also Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) ("When objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." (Emphasis in original)).

Plaintiff argues the ALJ improperly found Plaintiff's activities were inconsistent with Plaintiff's testimony. Dkt. 14, at 10. An ALJ may use evidence of a claimant's activities when evaluating their subjective symptom testimony to show inconsistency with the testimony or to show that the claimant's activities meet the threshold for transferable work skills. *See Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007). Based on Plaintiff's hearing testimony, the ALJ found Plaintiff could clean the house, wash dishes, do some gardening, mow the law with a riding mower, drive himself, shop for himself, socialize with friends, and do online reading. AR 383. The ALJ determined this testimony did not support the extent of Plaintiff's alleged limitations. AR 383.

Plaintiff also testified he could not sit still in the car for a couple of hours, he experienced substantial back pain when carrying groceries in the house, he needed to

ORDER
PAGE - 13

stop and rest when walking through the grocery store, riding the lawnmower "beats [him] up pretty good," he would not be able to stand for two to four hours, and he experienced shoulder pain when doing household chores and yardwork. AR 42–45, 48–50. Plaintiff's activities are not reasonably consistent with Plaintiff's allegations of back, shoulder, and leg pain.

The Commissioner argues the ALJ properly discounted Plaintiff's testimony based on evidence that Plaintiff's symptoms improved with treatment, and evidence of a gap in Plaintiff's medical treatment. Dkt. 16, at 4–5. Plaintiff argues his improvement with surgery is not a convincing reason to reject his testimony about pain-related symptoms and limitations he continued to experience after the surgery. Dkt. 21, at 3–4.

When evaluating a claimant's testimony regarding the intensity or persistence of their symptoms, the ALJ considers the effectiveness of treatment for relieving the claimant's pain or other symptoms. 20 C.F.R. § 404.1529(c)(3)(iv)–(v). The ALJ found medical evidence "from the period at issue document[ed] improved symptoms and increased function following the July 2015" surgery. AR 385. The ALJ cited medical records showing Plaintiff reported significant improvement one week after receiving back surgery in July 2015 and, although Plaintiff described some recurrent pain six weeks after surgery, he reported his "left radicular pain was 50 to 80 percent of what it was before surgery," he was able to walk and stand better, and he was happy with the outcome.[5] AR 380–81, 384–85 (citing AR 249, 258). Noting a gap in treatment following Plaintiff's

---

[5] Plaintiff separately argues the ALJ inaccurately described the August 2015 treatment note, in which Plaintiff reported "having recurrence of left radicular leg pain into the gluteal area, lateral thigh and calf" and reported his "pain is now 50-80% of what it was before the surgery." Dkt. 14, at 7. After reviewing the medical opinion evidence, the Court finds the ALJ's decision accurately describes the August 2015 treatment note. *See* AR 384 (citing AR 249). Therefore, Plaintiff's argument is without merit.

ORDER
PAGE - 14

surgery between late 2015 and early 2017, the ALJ found "the lack of medical treatment indicates that the claimant continued to see reduced symptoms from his back impairment." AR 381.

Substantial evidence supports the ALJ's findings. There are no medical records in the file from 2016, and Plaintiff's medical records from 2017 show Plaintiff sought treatment primarily for flu symptoms, joint pain, hearing loss, and thyroid issues. *See* AR 381, 296–300, 342–44, 347–48. Additionally, although Plaintiff continued to report some residual back pain, physical examinations in 2017 showed Plaintiff with normal musculoskeletal and neck range of motion, no spinal deformities, full muscle strength in his extremities, and normal muscle bulk and tone with some limited range of motion in his back and musculoskeletal tenderness. AR 279, 296–300. Therefore, the ALJ reasonably discounted Plaintiff's testimony concerning the severity and limiting effects of his symptoms based on evidence Plaintiff's symptoms improved with treatment, and the ALJ's reasoning was specific, clear, convincing, and supported by substantial evidence.

Plaintiff argues the ALJ improperly rejected Plaintiff's subjective testimony based on the lack of any opinion evidence describing greater limitations than Dr. Leinenbach and improperly based the RFC determination on "one selective medical assessment." Dkt. 14, at 10–11. When assessing a claimant's disability allegations, an ALJ considers the extent to which such allegations are consistent with the objective evidence and other evidence in the record, including medical opinion evidence. 20 C.F.R. § 404.1529(c); *see Carmickle*, 533 F.3d at 1161 (an ALJ may reject subjective testimony upon finding it contradicted by or inconsistent with the medical record).

Here, the ALJ considered all the relevant evidence of record, including the medical

ORDER
PAGE - 15

opinion evidence, Plaintiff's medical records, and Plaintiff's subjective testimony, and found "no basis to reject the opinion of examining physician Dr. Leinenbach in favor of the claimant's subjective complaints of total disability." AR 385. As discussed above, the ALJ properly afforded "great weight" to Dr. Leinenbach's opinion and provided specific, clear, and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective testimony. Plaintiff argues the ALJ "could have simply augmented Dr. Leinenbach's opinion with the additional pain-related limitations described by [Plaintiff]." Dkt. 14, at 10–11. However, limitations from properly discounted evidence does not need to be included in the RFC finding. *See Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 691–92 (9th Cir. 2009). Therefore, Plaintiff has not shown the ALJ erred when evaluating Plaintiff's subjective testimony or assessing the RFC.

Although the ALJ erred by finding Plaintiff's testimony inconsistent with evidence of Plaintiff's activities, the ALJ's error was harmless in this case. *See Stout*, 454 F.3d at 1055 (an ALJ's error may be deemed harmless where it is "inconsequential to the ultimate nondisability determination"). As discussed above, the ALJ provided other valid reasons for discounting Plaintiff's subjective testimony, including by finding the testimony contradicted by objective medical findings, evidence Plaintiff's symptoms improved with treatment, and the medical opinion evidence. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009) (if one of an ALJ's reasons for discounting a Plaintiff's testimony was erroneous, such error is harmless if the ALJ gave other valid independent reasons). Therefore, the ALJ's error was inconsequential to the nondisability determination.

**3. RFC**

At step four, the ALJ must identify the claimant's functional limitations or restrictions and assess their work-related abilities on a function-by-function basis. *See* 20 C.F.R. § 404.1545; SSR 96-8p. The RFC is the most a claimant can do considering their limitations or restrictions. *See* SSR 96-8p. The ALJ must consider the limiting effects of all of the claimant's impairments, including those that are not severe, in assessing the RFC. 20 C.F.R. § 404.1545(e); SSR 96-8p.

Plaintiff argues the RFC "is legally erroneous and not supported by substantial evidence, as it does not include all of the limitations described by [Plaintiff]." Dkt. 14, at 14–15. Plaintiff further argues the ALJ erred by basing the step five finding on the ALJ's erroneous RFC assessment. *Id.* As discussed above, the ALJ properly evaluated the evidence of record, including the medical opinion evidence, medical findings, and Plaintiff's testimony, and "took into account limitations for which there was record support that did not depend on [Plaintiff's] subjective complaints." *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Therefore, Plaintiff has not shown the ALJ improperly assessed the RFC or erred by basing the step five finding on the ALJ's RFC assessment.

## V.  CONCLUSION

For the reasons set forth above, this matter is AFFIRMED.

DATED this 7th day of June, 2023.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge